FULLER <em>against</em> ROOSEVELT.

After a cause is at issue, and noticed for trial three times, a judge at chambers has no power to allow an amendment to the plaintiff's bill of particulars. This power belongs to the court, exclusively.

AFTER this cause had been noticed for trial a third time, and pending the Circuit for which it was last noticed, the plaintiff discovered that it was necessary for him to amend his bill of particulars by adding new items; and on an affidavit of the circumstances, he applied to the Recorder of New

York, who granted him leave to do this, on paying to the defendant his costs of the (then) Circuit. Upon papers showing all the proceedings before the Recorder,

*J. I. Roosevelt, Jun.* moved to vacate this order as irregular. He said the Recorder had not power to grant it. This could only be done by the Court. A new bill of particulars, substantially varying the ground of action, should be subject to the same rules as to amending, which apply to the introduction of a new count in the declaration. This will not be allowed after two terms from the commencement of the action. (*Aubeer* v. *Barker*, 1 Wils. 149.) Here have been seven terms. This rule is approved in *Sackett* v. *Thompson*, (2 John. Rep. 206, 207.) The amendment was granted in *Heneshoff* v. *Miller*, on the ground that a new cause of action was not introduced. In *Jackson* v. *Murray*, (1 Cowen's Rep. 156,) the Court refused to allow the addition of a new demise, on the ground that it introduced a new cause of action, as to which the statute of limitations had attached. At any rate, as the amendment introduced new items, not embraced in the first bill, it should not have been granted, without payment of all the costs incurred in the defence after the first bill was delivered.

*S. S. Gardner*, contra. This Court has made no decision declaring the extent of the power which a Judge at chambers has over bills of particulars. In the *King* v. *Wilkes*, (4 Burr. 2527,) Ld. Mansfield, the very day before the trial, amended the information. Bills of particulars, though considered a part of the pleadings, are not construed with the same strictness ; and no evil can result from giving a Judge at chambers power over them. If the bill be not sufficiently specific, he may make a second order for a further bill. (1 Cowen's Rep. 574, note.) Why not then grant the plaintiff an order to amend where he has made a mistake ? At any rate, the Court will now permit the plaintiff to amend, as the facts are fully before them.

*Curia.* We think the Recorder did not possess the power to allow this amendment. It was not a chamber power

ALBANY,
Feb. 1825.

The People
v.
Supervisors of
Columbia.

at this stage of the cause; but belonged to the Court. The order must be vacated; but the whole case being now before us, we allow the amendment, on payment of the costs of this motion.

Rule accordingly.